UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAMON JAIMES BRITO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-226 |
| | § | |
| WARDEN WILLIS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER OF TRANSFER

Petitioner, a federal inmate presently incarcerated at the LaTuna Federal Correctional Institute in Anthony, New Mexico, filed this petition pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' classification of him as a public safety risk, thereby denying him an opportunity for placement in a lower level institution or a camp closer to his family (D.E. 1).  Petitioner was convicted in the Corpus Christi Division of the Southern District of Texas (*Id.*).

Petitioner's challenge to the manner of carrying out his sentence must be raised in a Section 2241 Petition filed in the district of his incarceration.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Petitioner and his custodian are located in the Las Cruces Division of the District of New Mexico.  28 U.S.C. § 111.  This court has no jurisdiction to consider a § 2241 petition unless because his custodian is not located within this district.  *Blau v. United States,* 566 F.2d 526, 527 (5th Cir. 1978).

In lieu of dismissal, if it is in the interest of justice, the district court may transfer a case filed in the wrong district or division to any district or division in which it could

have been brought.  28 U.S.C. § 1406(a).  *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 499-500 (1973) (explaining that statutory grant of jurisdiction pursuant to § 2241 does not limit the court's subject matter jurisdiction, but is, instead, more equivalent to venue).  Dismissal of the petition would be inefficient, and the interests of justice in this case would be served by a transfer.

Accordingly, the Clerk is ordered to transfer this case to the Las Cruces Division of the District of New Mexico.  All pending motions are denied as moot, subject to re-urging after the transfer.

ORDERED this 22nd day of June, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE